ELIZABETH NGUYEN, Bar No. 238571
enguyen@littler.com
DEBRA URTEAGA, Bar No. 278744
durteaga@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:   310.553.0308
Facsimile:   310.553.5583

Attorneys for Defendant
T-MOBILE USA, INC.

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL WILLIAMS,<br><br>       Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., and Art Heredia, as an individual and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No.  2:16-cv-04972-SJO (JPRx)<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Complaint Filed: May 20, 2016<br>(Los Angeles Superior Court) |

## STIPULATION FOR PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY
## MATERIALS

Plaintiff Darrell Williams ("Plaintiff") and Defendant T-Mobile USA, Inc. ("Defendant"), by and through their respective counsel of record, hereby stipulate and agree to the following:

### Good Cause Statement

1.      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraphs 23-24, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      In this employment action, Plaintiff alleges discrimination based on race, harassment based on race, failure to take remedial actions, intentional infliction of emotional distress, wrongful termination, and constructive discharge and may require disclosure of confidential and proprietary materials. Such confidential and proprietary materials and information consist of, among other things, confidential medical records of Plaintiff, private and/or confidential information regarding Defendant's current and/or former employees, including information about employees' contact information and/or performance histories, as well as confidential personnel

information related to workplace complaints, discipline, and/or human resources investigations, business or financial information, information regarding confidential business practices, or other confidential information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

3. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

4. Good cause therefore exists for the issuance of this protective order which will allow the parties to engage in discovery in the above-captioned lawsuit while providing a means for limiting access to, and disclosure of, private, confidential and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practical during the litigation.

### Definitions And Designation

5. "Confidential Information" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format that is stamped with a "Confidential" designation. Confidential Information may include, but is not limited to: (a) confidential or sensitive company proprietary business information and (b) information about current, past or prospective employees that is of a confidential or private nature, including current or former employees' names and contact information, wage information, job performance-documentation and documents related to workplace complaints, discipline and/or investigations into same. Confidential Information shall not include any information that: (a) is already public knowledge or otherwise in the public domain; (b) has become public knowledge or enters the public

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

domain other than as a result of a disclosure in violation of this Stipulation; or (c) has come or shall come into a Receiving Party's legitimate possession from sources other than the Designating Party and other than as a result of a violation of any lawful confidentiality policy belonging to Defendant.

6. "Attorneys Eyes Only Material" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format that is stamped with an "Attorneys Eyes Only" designation. Attorneys Eyes Only Material may include, but is not limited to: highly confidential or sensitive business information that could cause financial harm to Defendant if disseminated to the public or competitors.

7. Any Party may designate any material produced by that Party as "Confidential" or "Attorneys Eyes Only" where he or it believes in good faith that such material qualifies for that designation as defined above. Stamping "Confidential" or "Attorneys Eyes Only" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the designating party. Marking or stamping "Confidential Information" or "Attorneys Eyes Only Material" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information or Attorneys Eyes Only Material. Only the confidential portions of a document, transcript, or other item should be marked as such. Mass or wholesale designators are disfavored.

## Access To Confidential Information And Attorneys Eyes Only Material

8. Confidential Information produced or received in this action subject to this protective order shall not be disclosed by any person who has received such Confidential Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

conduct of this litigation and in-house attorneys at Defendant. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

  a.  Plaintiff Darrell Williams;

  b.  Current or former employees of Defendant who may serve as witnesses, but only to the extent that the Confidential Information is directly related to their expected testimony;

  c.  Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

  d.  Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

  e.  Mediators used to try to resolve the action;

  f.  Any other person with the prior written consent of the designating party.

  9.  Attorneys Eyes Only Material produced or received in this action subject to this protective order shall not be disclosed, revealed or disseminated by any person who has received such Attorneys Eyes Only Material through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at Defendant. Notwithstanding the foregoing, the following designated persons may also review Attorneys Eyes Only Material:

a.    Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

b.    Current or former employees of Defendant who may serve as witnesses, but only to the extent that the Attorneys Eyes Only Material is directly related to their expected testimony;

c.    Mediators used to try to resolve the action; and

d.    Any other person with the prior written consent of the designating party.

10.    Prior to reviewing any Confidential Information, any person who falls within a category identified in Paragraph 8(a)-(f) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment A.  Prior to reviewing any Attorneys Eyes Only Material, any person who falls within a category identified in Paragraph 9(a)-(d) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment B.

11.    The parties shall retain copies of any executed non-disclosure agreements until the end of the action.  In the event of a possible violation of this protective order while this action is pending, a party may request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure agreements are confidential and are not subject to any discovery request while the action is pending.

**Use Of Confidential Information And Attorneys Eyes Only Material**

12.    Confidential Information and Attorneys Eyes Only Material shall be used solely and exclusively for preparing for and prosecuting this case, including any claims on behalf of Plaintiff pending the completion of the judicial process, including

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

appeal.  Confidential Information and Attorneys Eyes Only Material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

13.    Nothing in this protective order shall restrict any party's counsel from giving advice to its client with respect to this action and, in the course thereof, relying upon Confidential Information and/or Attorneys Eyes Only Material, provided that in giving such advice, counsel shall not disclose the other party's Confidential Information and/or Attorneys Eyes Only Material other than in a manner expressly provided for in this protective order.

14.    Testimony taken at a deposition that involves Confidential Information or Attorneys Eyes Only Material must be designated as "Confidential" or "Attorneys Eyes Only Material" by making a statement to that effect on the record at the deposition, identifying the specific testimony or items claimed to be Confidential Information or Attorneys Eyes Only Material.  Arrangements shall be made with the deposition reporter taking and transcribing information designated as Confidential and/or Attorneys Eyes Only Material to bind separately such portions of the deposition transcript, and/or to label such portions appropriately.   If any portions of the deposition transcript and/or video or audio versions of the depositions contain Confidential Information or Attorneys Eyes Only Material, or references thereto, they must be filed with the Court in compliance with this protective order.

15.    A copy of the protective order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the protective order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action unless a court so orders.  Any audiotape and/or videotape of said deposition shall also be subject to this protective order.  The deposition videographer shall be subject to this protective order and precluded from providing the original deposition videotape or portions of the videotape to any persons or entities other than counsel of record unless a court so orders.  Any audiotape shall

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action unless a court so orders.

16. Only individuals permitted access to Confidential Information or Attorneys Eyes Only Material shall attend any deposition where Confidential Information or Attorneys Eyes Only Material is used. However, where feasible, an individual who is not allowed access to Attorneys Eyes Only Material may attend portions of the deposition where Attorneys Eyes Only Material is not used or discussed. Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information. Nothing in this protective order gives any individual the right to attend a deposition that they would not otherwise be entitled to attend.

17. In the event that any Party hereto or a recipient of Confidential Information and/or Attorneys Eyes Only Material pursuant to this Stipulation shall receive a subpoena, or written discovery demand in pending litigation or administrative proceedings ("Discovery Request") from any non-party (including, without limitation, any party to any action other than the litigation, or any state, federal or foreign regulatory or administrative body or agency) seeking the production of Confidential Information and/or Attorneys Eyes Only Material:

   a. The Receiving Party shall promptly disclose such fact to the Designating Party and shall not disclose any Confidential Information and/or Attorneys Eyes Only Material in response thereto without first providing the Designating Party a reasonable opportunity to seek appropriate protective treatment or other relief.

   b. The Receiving Party shall immediately provide the Designating Party with telephonic and written notice of the Discovery Request and shall

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

immediately send a copy of the Discovery Request to the Designating Party by facsimile and/or overnight mail.

c.  It shall be the obligation of the Designating Party to obtain an order from the appropriate Court to preclude or restrict production of any Confidential Information and/or Attorneys Eyes Only Material requested pursuant to the Discovery Request.

d.  The Receiving Party shall continue to abide by the terms of this Stipulation and maintain the confidentiality of any Confidential Information and/or Attorneys Eyes Only Material sought by the Discovery Request unless and until either: (i) the Designating Party consents to the production of Confidential Information and/or Attorneys Eyes Only Material pursuant to the Discovery Request; or (ii) the Receiving Party is directed to produce the Confidential Information and/or Attorneys Eyes Only Material by a court having competent jurisdiction over the dispute and the parties thereto. But nothing in this order should be interpreted to authorize a party to disobey a court order or other lawful process.

e.  The disclosure of information in response to a Discovery Request shall not be deemed to make Confidential Information or Attorneys Eyes Only Material 'public' for purposes of Paragraph 5 and does not change any party's obligations under this protective order except for allowing the disclosure pursuant to the terms of the Discovery Request or court order.

**<u>No Waiver And Challenges To Designation</u>**

18.  Whether or not any evidence or testimony is, in fact, designated as Confidential Information or Attorneys Eyes Only Material shall not be conclusive of whether it is lawfully entitled to trade secret or other confidentiality protections, and the failure to make such a designation shall not constitute a waiver of any such protections.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

19.    By entering into this protective order, the parties do not waive any right to challenge whether any material (including without limitation evidence or testimony) designated or not designated as Confidential Information or Attorneys Eyes Only Material is properly designated or not designated as such, and do not waive the right to challenge at any hearing, trial or other proceeding whether such information is, in fact, confidential or private.

20.    A party shall not be obligated to challenge the propriety of a designation of evidence or testimony as Confidential Information or Attorneys Eyes Only Material at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.

21.    Any party may in good faith object to the designation of any evidence or testimony as Confidential Information or Attorneys Eyes Only Material or to the limitations as to the use and disclosure of such information, by providing written notice of such objections to the Designating Party in compliance with Local Rule 37. The grounds for any objections shall be stated with reasonable particularity.

22.    The parties shall thereafter attempt to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved within ten (10) days, the Designating Party may, within twenty-eight (28) days thereafter, apply to the Court, on reasonable notice, for a protective order under Local Rule 37 limiting the use and dissemination of the challenged document.  The challenged documents shall be treated as confidential until such time as the Court has ruled on the motion for a protective order.

## Filing Under Seal And Handling At Hearings And Trial

23.    With regard to any Confidential Information or Attorneys Eyes Only Material to be filed with the Court, any party seeking to file such documents shall file them using the procedure in Central District Local Rule 79-5.

24.    If a party wishes to use another party's Confidential Information or Attorneys Eyes Only Material at hearing or trial, the party shall advise the other

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

party's counsel prior to offering the documents, with advance notice if reasonably practicable. The proponent of confidentiality then may move to file the documents under seal. The proponent also may move the Court to restrict access to the courtroom while the Confidential Information or Attorneys Eyes Only Material are discussed. The other parties need not join in such motions.

### **Agreement to be Bound Prior To Court Approval.**

25. The Parties agree to be bound by the instant Stipulation and Proposed Protective Order immediately following its full execution. The Parties agree to be bound prior to the Court's approval of the Stipulation and Proposed Protective Order. Should the Court decline to approve of this Stipulation and Proposed Protective Order, the Parties agree to further meet and confer in good faith regarding a Revised Stipulated Protective Order for the Court's approval. If the Parties are unable to reach an agreement on the terms of a Revised Stipulated Protective Order after the Parties meet and confer, the Parties agree to return the Protected Material exchanged pursuant to this Stipulation and Proposed Protective Order and agree the Protected Material will have the same protections as if this Stipulation and Proposed Protective Order was signed and approved by the Court.

### **Inadvertent Failure To Designate**

26. If, through inadvertence, any party produces or offers as testimony any Confidential Information or Attorneys Eyes Only Material without labeling it or otherwise designating it as such, the producing party may, at any time, give written notice designating such information as Confidential Information or Attorneys Eyes Only Material.

### **Inadvertent Production of Privileged or Otherwise Protective Material = Clawback Agreement**

27. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court provided the Court so allows.

      28.    Further, pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

      a.    The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document unless the Court so orders.

      b.    The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind unless the Court so orders.

      c.    If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

i. the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

d. If, during the course of this litigation, a party determines it has produced a Protected Document:

   i. the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Party believes is subject to a claim of privilege or other protection.

ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

e. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 28(c)(ii) and 28(d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

i.     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii.     the disclosure of the Protected Documents was not inadvertent;

iii.     the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv.     the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

g.     Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

h.     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by

the Receiving Party of Protected Documents by search terms or other means.

i.  Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

## Termination Of Case

29.  The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter. The Final Termination of this Action is when all of the following that are applicable occur: (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d) any post appeal proceedings have concluded.

30.  Within thirty (30) business days of the Final Termination of this Action, each party must return or make available for pick-up Confidential Information or Attorneys Eyes Only Material received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information or Attorneys Eyes Only Material. Where Confidential Information or Attorneys Eyes Only Material has been transferred or stored electronically, the Receiving Party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the Receiving Party. Notwithstanding these provisions, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information or Attorneys Eyes Only Material that have become part of the official record of this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

31. Upon returning to the other side all Confidential Information or Attorneys Eyes Only Material and/or deposition testimony, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information and Attorneys Eyes Only Material Agreement in the form set forth in Attachment C.

## Miscellaneous Provisions

32. The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

33. This protective order is subject to modification by stipulation of the parties. No such modification will have the force or effect of a Court order absent the Court's approval. In addition, the Court may modify the terms and conditions of this protective order *sua sponte* in the interest of justice.

34. This Order is subject to further Court Orders based upon public policy or other considerations.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:    May 9, 2017                     JOHNSON OMOTOSHO, LLP


                                          /s/ Ayo Omotosho
                                          AYO OMOTOSHO
                                          Attorney for Plaintiff
                                          DARRELL WILLIAMS

* Pursuant to Local Rule 5-4.3.4, the filing party has obtained the authorization and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

approval of all signatories listed to file the instant proposed stipulated protective order.

Dated:     May 9, 2017                    LITTLER MENDELSON, P.C.


                                          /s/ Debra Urteaga
                                          ELIZABETH NGUYEN
                                          DEBRA URTEAGA
                                          Attorneys for Defendant
                                          T-MOBILE USA, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

18.

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated:

5/15/17

_____

THE HONORABLE    JEAN P. ROSENBLUTH

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

# ATTACHMENT A

## CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

1.      I have had the opportunity to review the protective order in this action.

2.      I agree that I am one of the following: (a) a current or former employee of T-Mobile USA, Inc. who has been asked to serve as a witness on an issue related to the Confidential Information that I am receiving or being shown; (b) a plaintiff to the action; (c) a person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (d) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (e) a mediator used to try to resolve the action; or (f) a person who the parties to the action have agreed in writing may receive Confidential Information.

3.      I agree not to disclose any of the Confidential Information to any third person and further agree that my use of any Confidential Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

4.      I further agree that on or before the termination or settlement of this action, I will return all Confidential Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5. By signing this Confidential Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____

_____
[Print Name]

_____
[Sign Name]

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**ATTACHMENT B**

**CONFIDENTIAL INFORMATION AND ATTORNEYS EYES ONLY**

**MATERIAL NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:

1.      I have had the opportunity to review the protective order in this action.

2.      I agree that I am one of the following: (a) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (b) a current or former employee of T-Mobile USA, Inc. who has been asked to serve as a witness for Defendants on an issue related to the Confidential or Attorneys Eyes Only Material; (c) a mediator used to try to resolve the action; or (d) a person who the parties to the action have agreed in writing may receive Confidential Information and/or Attorneys Eyes Only Material.

3.      I agree not to disclose any Confidential Information and/or Attorneys Eyes Only Material to any third person and further agree that my use of any Confidential Information and/or Attorneys Eyes Only Material shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

4.      I further agree that on or before the termination or settlement of this action, I will return all Confidential Information and/or Attorneys Eyes Only Material which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

5.      By signing this Attorneys Eyes Only Material Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____          _____

                                                                    [Print Name]


                                                  _____

                                                                     [Sign Name]

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

22.

**ATTACHMENT C**

**CERTIFICATE OF SURRENDER AND DELETION OF CONFIDENTIAL**

**INFORMATION AND/OR ATTORNEYS EYES ONLY MATERIAL**

The undersigned hereby represents that, pursuant to the protective order, all Confidential Information and/or Attorneys Eyes Only Material within the possession, custody or control of the undersigned has been returned to the producing party to the extent it could be returned either in hard or soft copy. The undersigned further represents that, pursuant to the protective order, and to the extent Confidential Information or Attorneys Eyes Only Material was transferred or stored electronically, all electronic versions of the material and information have been deleted from the devices on which they were stored or accessed or otherwise rendered inaccessible.

Dated: _____

_____
[Print Name]

_____
[Sign Name]

Firmwide:147206793.4 066431.1010

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308